**SECURITIES AND EXCHANGE COMMISSION Plaintiff— Appellee**

v.

**Brian VOLMER, et al., Defendants— Appellants**

No. 00–57045.
D.C. No. CV–98–8698–JSL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2002.

Decided May 3, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,* District Judge.

MEMORANDUM **

The Appellants Brian Volmer ("Volmer"), International Alliance Trading, Inc. ("Int'l Alliance"), Sun Pacific Capital Group, Inc. ("Sun Pacific"), and Lisa Newman Volmer appeal the decision of the District Court, wherein it entered an Order and Judgment in favor of the Appellee

* The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Securities and Exchange Commission ("SEC"). The District Court held that Volmer and his two firms, Int'l Alliance and Sun Pacific, were liable for touting the stock of Cetacean Industries Inc. and Juina Mining Company without disclosing compensation they received from the issuer for doing so. The court found that Appellants had received profits from their activities in the amount of $296,429. The court also held Volmer and Int'l Alliance liable for making material misrepresentations in a newspaper advertisement touting stock for Cetacean Industries Inc.

Furthermore, the court entered permanent injunctions against future violations by Volmer, Int'l Alliance, and Sun Pacific. The court also ordered Volmer to disgorge $296,429, along with prejudgment interest of $22,021. The court further imposed a civil penalty upon Volmer in the amount of $296,429, pursuant to Section 20(d) of the Securities Act of 1933, 15 U.S.C. 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. 78u(d)(3). Finally, the court ordered relief defendant Lisa Newman Volmer to pay disgorgement in the amount of $106,646 in the event Volmer failed to satisfy the judgment.

The Appellants assert that the District Court erred in: (1) relying upon documents not in the record; (2) adopting the proposed findings of fact provided by the SEC; (3) finding that Volmer did not have a good faith belief in the quality of his investments; (4) ruling that Volmer must disgorge over $296,429.00 in "ill-gotten" gains; (5) ordering that Volmer pay a civil penalty of $296,429.00 and prejudgment interest.

■ First, Appellants argue that the District Court erroneously relied upon documents not in the record. However, both parties stipulated to the admission of all but three of the documents. Of those three, two were not relied upon and the third duplicated another exhibit.

■ Second, Appellants argue that the District Court's findings of fact, specifically concerning scienter, were clearly erroneous. The District Court, in hearing and observing live testimony, was entitled to disbelieve Volmer's version of the events. The remaining evidence was sufficient to support the court's findings, including those of scienter. The fact that the court chose to adopt the SEC's recommended findings of fact does not detract from those findings.

■ Third and intertwined, Appellants argue that they committed no securities violations and that the District Court erred in holding that they did. Volmer and his companies recommended that investors buy securities without disclosing the compensation that they received from the issuers of those securities. Furthermore, Volmer and Int'l Alliance made materially false or misleading statements in recommending Cetacean stock through national advertisements. In light of those circumstances, the District Court did not err.

■ Fourth, Appellants argue that the amount of disgorgement (including interest) was too great because there was no nexus between the statutory violations and the amount of the disgorgement order, which represented the entire amount of Volmer's "ill-gotten gains." Appellants failed to show that severable parts of their business were legitimate and failed to offer evidence that would have demonstrated an appropriate alternative cut-off date or other appropriate formula for pro-rating the amount they received. Appellants have failed to show error in the calculation of the disgorgement order.

Finally, Appellants argue that the District Court should not have imposed a third-tier civil penalty. In view of the

court's finding of fraud, which was not clearly erroneous, such a penalty is authorized.

AFFIRMED.